UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                   NO: 13-184

ANDREW BROWN                             SECTION: "J" (2)

### ORDER AND REASONS

Before the Court is a *Motion for Post-Conviction Relief* **(Rec. Doc. 244)** filed *pro se* by Andrew Brown ("Petitioner"), an opposition thereto (Rec. Doc. 255) filed by the United States of America, and a reply by Petitioner (Rec. Doc. 267). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

On October 18, 2013, a grand jury returned a superseding indictment against Petitioner and five co-defendants. The superseding indictment charged Petitioner with conspiracy to distribute five kilograms or more of cocaine hydrochloride and distribution of 500 grams or more of cocaine hydrochloride. The case was assigned to another section of this Court.

On July 16, 2014, Petitioner pleaded guilty to distribution of 500 grams or more of cocaine hydrochloride pursuant to a written, signed plea agreement and the Court conditionally

1

accepted the guilty plea.  The plea agreement stipulated that the government would move to dismiss the charge of conspiracy to distribute five kilograms or more of cocaine hydrochloride.  It also stipulated that the Government would not file a bill of information under 21 U.S.C. § 851 alleging that Petitioner had a prior felony drug conviction which, if filed, would have resulted in a mandatory minimum sentence of at least twenty years imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A), 851.  Petitioner acknowledged that he understood the maximum penalties he faced in the signed plea agreement.  The plea agreement provided that Petitioner waived any right to challenge his sentence collaterally unless he could establish that ineffective assistance of counsel "directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself." (Rec. Doc. 107 at 2-3.)

On October 16, 2014, Petitioner's probation officer submitted a Presentence Investigation Report ("PSR") that held Petitioner accountable for 6,061 grams of cocaine.  This amount was based on three separate events detailed in the factual basis, which Petitioner signed the same day he signed the plea agreement.  The first incident highlighted in the factual basis was possession with the intent to distribute 2,061 grams of cocaine which law enforcement seized on August 8, 2013.  The factual basis also states that Petitioner acknowledged that on October 24, 2012 he

2

purchased and transported approximately two kilograms of cocaine. Finally, the factual basis states that Petitioner acknowledged that on December 26, 2012 he unsuccessfully attempted to transport another two kilograms of cocaine. Petitioner's counsel, Mrs. Valerie Jusselin, submitted written objections to the PSR. One such objection addressed the amount of cocaine for which the PSR held Petitioner responsible. In particular, Petitioner's counsel objected to the inclusion of the attempted purchase of 2,000 grams of cocaine.

At the sentencing hearing held on October 22, 2014, the Court sustained Petitioner's objection to the inclusion of the cocaine in the PSR for the attempted purchase. As a result, Petitioner was only held responsible for 4,041 grams of cocaine. This changed Petitioner's total offense level and reduced his sentencing guidelines. Petitioner's counsel also objected to a guideline enhancement for Petitioner's leadership role made pursuant to U.S.S.G. § 3B1.1(b) but the Court overruled this objection. Petitioner then affirmed his understanding of the maximum penalties he faced and did not raise any issues as to the facts of the case or the effectiveness of his counsel. The Court accepted Petitioner's guilty plea and sentenced him to 97 months imprisonment. Petitioner subsequently appealed the judgment of conviction and sentence and the Fifth Circuit dismissed the appeal. Petitioner then filed a petition for writ of certiorari which the

Supreme Court denied. On March 14, 2016, the case was reassigned to this section of the Court.

Petitioner now brings the instant motion pursuant to 28 U.S.C. § 2255, which allows the Court to provide post-conviction relief. Petitioner claims that his counsel's deficient performance prejudiced his defense prior to and at the time of his sentencing. The government filed an opposition and Petitioner filed a reply.

## **PARTIES' ARGUMENTS**

Petitioner alleges that he was denied effective assistance of counsel prior to and at the time of sentencing for four reasons. First, he argues his sentence was improperly enhanced because his counsel failed to challenge the amount of drugs in the PSR used to calculate his guideline range. Second, Petitioner contends that his counsel failed to contest the guideline enhancement he received for his leadership role even though the government dropped the conspiracy charge. Third, Petitioner claims that his counsel was ineffective for failing to present him with a copy of a revised version of his PSR prior to the date of sentencing. Finally, Petitioner argues that his counsel did not fully investigate his case. Petitioner argues that due diligence would have revealed that he was eligible for the U.S.S.G. § 2D1.1(b)(17) safety-valve reduction. Although Petitioner acknowledges that he informed the Court at sentencing that he was satisfied with his counsel and

4

confirmed that all the alleged facts were correct, he avers that he was only acting pursuant to his counsel's instructions.

The government argues that Petitioner's ineffective assistance of counsel claim should be dismissed because Petitioner did not contend that his counsel's ineffectiveness impacted the knowingness or voluntariness of his waiver of post-conviction relief. The government also argues that Petitioner's substantive claims lack merit. The government argues that Petitioner's first claim is meritless because his counsel's advocacy prevented the government from holding Petitioner liable for 6,061 grams of cocaine. Second, the government disputes Petitioner's claim that his counsel failed to object to the leadership role sentencing enhancement, noting that the transcript of the sentencing hearing clearly indicates that Petitioner's counsel did make the objection. The government responds Petitioner's third claim by noting that he had all the benefits of reviewing the PSR prior to and at the time of sentencing. Finally, the government states that Petitioner is ineligible for a two point reduction pursuant to U.S.S.G. § 2D1.1(17) because he failed to meet the statutory requirements for such a reduction.

## **LEGAL STANDARD**

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a).

Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 8. An evidentiary hearing must

be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that Petitioner's *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.")

## **DISCUSSION**

The government argues that Petitioner waived the right to challenge his sentence collaterally because the plea agreement's waiver of appeal only allows for an ineffective assistance of counsel claim if the counsel's ineffectiveness "directly affected the validity of the *waiver* or the *plea* itself." *United States v. White*, 307 F.3d 336, 340, 343 (5th Cir. 2002) (emphasis added). A defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement so long as the waiver is both knowing and voluntary. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). A waiver is knowing

and voluntary when "the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (emphasis in original). When a petition does not allege, and the record does not indicate, that ratification of the plea agreement was "anything but knowing and voluntary," the court will hold the defendant to the bargain that he made. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (quoting *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)). This bargain will be enforced in the face of an ineffective assistance of counsel claim if the petitioner fails to assert that the waiver was unknowing or involuntary. *See White*, 307 F.3d at 344. Thus, "if a petitioner cannot establish that ineffective assistance of counsel rendered his plea unknowing or involuntary, then his waiver bars him from challenging other stages of the proceedings against him." *United States v. Joseph*, No. CR 13-184, 2016 WL 3365325, at *4 (E.D. La. June 17, 2016) (quoting *United States v. James*, No. 05-059, 2007 WL 2323385, *6 (E.D. La. Aug. 10, 2007)).

Construing Petitioner's claims broadly, he presents two arguments that ineffective assistance of counsel implicated the knowing and voluntary nature of his plea agreement and waiver of post-conviction relief. First, Petitioner argues that he was uninformed of Fifth Circuit precedent regarding the elements a

defendant must prove to bring a successful ineffective assistance of counsel claim. Second, he argues that erroneous advice from his counsel induced him to plead guilty.

Turning to the first claim, the text of the signed plea agreement explicitly states that Petitioner only "retains the right to bring a post-conviction challenge if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself." (Rec. Doc. 107 at 3.) This statement leaves little room for misunderstanding—Petitioner can only assert an ineffective assistance of counsel for ineffective assistance that directly affected the validity of the waiver or the plea. Additionally, it is not necessary for a trial court to determine that a defendant has a perfect understanding of the consequences of his plea or the waiver. *See United States v. De Cay*, No. CRIM.A. 05-186, 2009 WL 982099, at *10 (E.D. La. Apr. 9, 2009). "[T]he Court must only ascertain whether the defendant has a realistic or reasonable understanding of his or her plea." *Id.* (citing *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993)); *see also United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994) ("[W]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to

9

which he agreed."); *United States v. Esquivel-Solis,* 332 F. App'x 944, 946 (5th Cir. 2009) ("Confirmations under oath are given a strong presumption of verity.") (citations omitted). The record indicates that Petitioner's counsel provided him with a realistic understanding of the consequences of the plea.

The Court also rejects Petitioner's claim that erroneous advice induced him to plead guilty. Petitioner argues that he was compelled to respond affirmatively to the Court's Rule 11 inquiry because his counsel directed him to do so. However, this argument does not touch on whether Petitioner's guilty plea and waiver were knowing and voluntary. *See United States v. Michele*, No. CR 13-160, 2016 WL 1660179, at *9 (E.D. La. Apr. 27, 2016). "Whether a plea is knowing depends on whether the defendant understood the consequences of his plea; whether it was voluntary depends on whether the plea was induced by threats or improper promises." *United States v. Herrod,* 595 F. App'x 402, 412 (5th Cir. 2015). There is no indication that Petitioner failed to understand the consequences of his plea; nor was he threatened or promised a better outcome if he plead. For the foregoing reasons, Petitioner has not met his burden to assert an ineffective of counsel claim.

Nonetheless, the Court will entertain Petitioner's substantive arguments. In a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof. *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994). To prevail,

the petitioner must demonstrate that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced his defense. *Rhoades v. Davis,* 852 F.3d 422, 431 (5th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To demonstrate deficient performance, the petitioner must show that the errors made by counsel were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To satisfy the prejudice prong, the petitioner must show that "but for counsel's deficiencies, the result of the proceeding would have been different." *Rhoades,* 852 F.3d at 432 (citing *Strickland*, 466 U.S. at 694). "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687; *see also Trevino v. Davis*, 829 F.3d 328, 337 (5th Cir. 2016) (finding that prejudice requirement is satisfied if there is a reasonable probability that counsel's unprofessional errors affected the outcome of the proceeding). If the petitioner makes an insufficient showing on either component of the ineffective assistance of counsel inquiry, it is not necessary to examine the remaining prong of the test. *Strickland*, 466 U.S. at 687.

Petitioner's first argument is that his counsel was ineffective for not challenging the amount of cocaine for which the Court ultimately found Petitioner to be responsible.

11

Petitioner argues that at sentencing the Court should have only considered the amount of cocaine actually seized by law enforcement—2,061 grams of cocaine—and that his counsel was deficient in not making this argument. As noted above, Petitioner's PSR initially held him responsible for 6,061 grams of cocaine based on three separate events. However, Petitioner's counsel objected to the inclusion of 2,000 grams of cocaine which stemmed from an unsuccessful attempt to possess cocaine. The Court sustained the objection and declined to consider the attempted purchase when sentencing. Thus, the advocacy of Petitioner's counsel resulted in a lower sentencing guideline range. Petitioner now argues that his counsel should also have objected to the inclusion of 2,000 grams that Petitioner acknowledged possessing in the factual basis but which was not seized. The facts do not illustrate any deficiency in the performance of Petitioner's counsel; nor do they support an inference that the Court was in error by holding Petitioner responsible for the 2,000 grams of cocaine that he acknowledged purchasing and transporting. *See* U.S.S.G. § 1B1.3(a)(1)(A) (noting that "all acts and omissions committed, aided, abetted, counseled, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction" should be considered when calculating base offense level); *United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999) ("[T]he district court may consider other

offenses in addition to the acts underlying the offense of conviction so long as those offenses constitute relevant conduct as defined in the guidelines.") Petitioner's first argument is dismissed.

Next, Petitioner contends that his counsel acted deficiently by failing to contest his leadership role enhancement. Petitioner argues that he should not have received a leadership enhancement pursuant to U.S.S.G. § 3B1.1(b) because the government dropped the conspiracy charge. Petitioner's argument fails on two fronts. First, the record clearly indicates that Plaintiff's counsel contested the enhancement. (*See* Rec. Doc. 176 at 6-7.) Second, the enhancement for Petitioner's leadership role was properly calculated. Petitioner "may not bar consideration of conduct relevant to the court to which he pleads by bargaining for dismissal of other counts." *United States v. Medrano*, 22 F.3d 1095, 1994 WL199124, at *2 (5th Cir. 1994) (unpublished) (quoting *United States v. Smallwood*, 920 F.2d 1231, 1237 (5th Cir. 1991)). A court may consider the factual basis of dismissed counts prior to sentencing. *United States v. Johnson*, 823 F.2d 840, 842 (5th Cir. 1987); *see also Lopez v. United States,* No. EP-10-CR-1937-KC-1, 2013 WL 6813418, at *6 (W.D. Tex. Dec. 20, 2013) (stating that a court should consider all acts and omissions committed by the defendant that occurred during the commission of the offense of conviction, including the factual basis of the plea agreement)

(internal citations omitted). A defendant qualifies for a leadership role enhancement under U.S.S.G. § 3B1.1(b) if he "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). The criminal activity for which Petitioner was indicted included more than five participants. Additionally, a defendant can qualify for the sentencing enhancement if he was the "organizer, leader, manager, or supervisor of one or more participants." § 3B1.1(b), comment 2. The record reflects that Petitioner "recruited and directed the action" of another individual to secure cocaine. Because the facts support the enhancement, and because Petitioner's counsel contested the enhancement at the sentencing hearing, Petitioner's argument is meritless.

Petitioner's third argument is that his counsel was ineffective for failing to present him with a "revised PSR" prior to the date of sentencing. Petitioner argues that this alleged failure impacted his ability to object to enhancements that increased his sentence. Yet, here too, the record indicates the opposite. During the sentencing hearing, Petitioner confirmed that he received the PSR and that he had a number of objections to it. The Court then addressed Petitioner's objections. The Court sustained one of the objections which resulted in a lower total offense level and a new sentencing guideline range. After

14

calculating the new sentencing guidelines and announcing them, the Court inquired as to whether Petitioner wished to proceed with the plea. Petitioner responded affirmatively and the Court continued the sentencing hearing. Accordingly, this argument is without merit.

Petitioner's final claim is that his counsel's investigation of the case was insufficient and that this impacted his sentence. Specifically, Petitioner argues that if his counsel had done a more thorough investigation, she would have discovered that Petitioner qualified for the "safety valve" reduction pursuant to U.S.S.G. § 2D1.1(b)(17). That provision provides for a two level decrease in the total offense level when the defendant meets certain criteria listed in § 5C1.2(a). One of the criteria is that "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines . . . ." § 5C1.2(a)(4). Because the Court has already determined that Petitioner was a leader, he is ineligible for this reduction. Thus, the performance of Petitioner's counsel was not deficient for failing to argue that Petitioner qualified for the safety valve reduction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Post-Conviction Relief* **(Rec. Doc. 244)** is **DENIED**.

15

New Orleans, Louisiana this 6th day of July, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE